ERVIN, Judge,
dissenting.
The majority on rehearing now concludes that appellant properly preserved his point as to the sufficiency of the evidence in support of the manslaughter charge, yet refuses to hold the state is bound by the law of the case because the words “criminal killing” are misleading. I think even a novice law school student could readily understand the term criminal killing is synonymous with unlawful homicide and would include any of the degrees of murder or manslaughter as defined by statute. One is either guilty of one of the degrees of murder or manslaughter, or one has committed no unlawful homicide. Section 782.04, defining the various degrees of murder, begins its definitions of first, second and third degree murder with the words “the unlawful killing of a human being . . ..” Unlawful is synonymous with “criminal” or “felonious” within the context of homicide. Moreover manslaughter is defined in part as the killing of a human being “without lawful justification ... in cases in which such killing shall not be excusable homicide or murder, . . ..”
To summarize, the term criminal killing is easily understood both from Florida statutes and case law. The original Wright opinion clearly and unambiguously stated that on the record before it “the . circumstances do not show beyond a reasonable doubt that there was a criminal killing.” 348 So.2d at 31. I consider that we, as well as the state, are now bound by that opinion, and as a result, we have no choice than to reverse with directions that Wright be discharged from custody.